UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VIJAY JAIN,

Case No.: 20-CV-5442
(JMF)

Plaintiff,

- against –

VERIFIED AMENDED
COMPLAINT

THE CITY OF NEW YORK, the NEW YORK CITY
POLICE DEPARTMENT, DET. TAMARA WILLIAMS,
NEW YORK STATE DEPT. OF CORRECTION AND
COMMUNITY SUPERVISION aka BOARD OF
PAROLE, PAROLE OFFICER ANDRE LOGAN,
PAROLE OFFICER RONNITA CAMPBELL, PAROLE
OFFICER RAYNOLDO MARISTANY, and JOHN
DOES 1-10, agents of the defendants, names being
fictitious as their true identifies are unknown at this
time,

Defendants.
-------------------------------------------------------------X

        Plaintiff, by his attorney, NORA CONSTANCE MARINO, ESQ.

complaining of the Defendants herein, respectfully show this Court, and allege

as follows:


                    **PRELIMINARY STATEMENT**

        1.      That at all times hereinafter mentioned, the plaintiff VIJAY JAIN

("JAIN") was and still is a resident of the County of New York, State of New York.

        2.      That at all times hereinafter mentioned, defendant CITY OF NEW

YORK ("CITY") was and still is a municipal corporation, duly organized and

existing under and by virtue of the law of the State of New York.

3.      That at all times hereinafter mentioned, defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") was and still is a municipal corporation and/or municipal police department, duly organized and existing under and by virtue of the law of the State of New York.

4.      That at all times hereinafter mentioned, defendant DET. TAMARA WILLIAMS (hereinafter, "WILLIAMS"), was an agent, servant, and/or employee of defendants City, NYPD, and/or Board; was a member of the City, NYPD, and/or Board; and was acting for, upon, and in course of and in furtherance of the business of their employer and within the scope of their employment for defendants City, NYPD, and/or Board.

5.      That at all times hereinafter mentioned, defendant NEW YORK STATE DEPT. OF CORRECTION AND COMMUNITY SUPERVISION, also known as BOARD OF PAROLE (hereinafter, "BOARD"), was and still is a municipal and/or state department and/or agency, duly organized and existing under and by virtue of the law of the State of New York.

6.      That at all times hereinafter mentioned, PAROLE OFFICER ANDRE LOGAN ("Logan"), was an agent, servant, and/or employee of defendants City, NYPD, and/or Board; was a member of the City, NYPD, and/or Board; and was acting for, upon, and in course of and in furtherance of the business of their employer and within the scope of their employment for defendants City, NYPD, and/or Board.

7.     That at all times hereinafter mentioned, PAROLE OFFICER RONNITA CAMPBELL ("Campbell") was an agent, servant, and/or employee of defendants City, NYPD, and/or Board; was a member of the City, NYPD, and/or Board; and was acting for, upon, and in course of and in furtherance of the business of their employer and within the scope of their employment for defendants City, NYPD, and/or Board.

8.     That at all times hereinafter mentioned, PAROLE OFFICER RAYNOLDO MARISTANY ("Maristany") was an agent, servant, and/or employee of defendants City, NYPD, and/or Board; was a member of the City, NYPD, and/or Board; and was acting for, upon, and in course of and in furtherance of the business of their employer and within the scope of their employment for defendants City, NYPD, and/or Board.

9.     That at all times hereinafter mentioned, defendants John Does 1-10, names being fictitious as names are unknown at this time, were agents, servants, and/or employees of defendants City, NYPD, and/or Board; were members of the City, NYPD, and/or Board; and were acting for, upon, and in course of and in furtherance of the business of their employers and within the scope of their employment for defendants City, NYPD, and/or Board.

10.     That all times hereinafter mentioned defendants City, NYPD, and/or Board employed police officers, parole officers, and/or jailors and others hereafter mentioned in this complaint.

11.     That at all times hereinafter mentioned, defendants City, NYPD, and/or Board owned, maintained, supervised, managed, operated, inspected and controlled the various jails, police officers, parole officers, facilities, police stations, police precincts, police equipment, police vehicles, all hereinafter mentioned in the complaint.

12.     That at all times hereinafter mentioned, all of the actions of the officers allege herein were done within the scope and course of their employment with defendants City, NYPD, and/or Board and under color of the state law.

13.     That prior to the commencement of this action, and within ninety (90) days after the happening of the incident herein, plaintiff herein served a Notice of Claim in writing upon the defendants CITY.

14.     That a 50-H hearing has been adjourned without date, pursuant to a stipulation between the parties, which permits plaintiff to commence litigation prior to the 50h hearing being held, but within the statute of limitations.

15.     That this action is commenced within one (1) year and ninety (90) days of the date when the incident occurred to the plaintiff.


**FACTS**

16.     Plaintiff repeats, reiterates, and realizes all of the allegations set forth above.

17.     On 7/9/13, plaintiff and a female co-defendant named Shavaler

4

Johnson were located in the back room of an apartment belonging to parolee Melshawn Johnson, located at 22 West 128th Street, Apt. 2C, New York, New York 10030 (the subject location).  On 7/9/13, parole officers executed a parole warrant (not a search warrant) at the subject location seeking parolee, Melshawn Johnson.  Parole officers arrived at the subject location and made their presence known by either knocking on the door or ringing a doorbell.

18.    Melshawn Johnson opened the apartment door and was immediately arrested at the front door.  The parole team/officers then entered the apartment, despite having no apparent reason to do so, as they were only there to apprehend Melshawn Johnson and had achieved that objective. The officers discovered plaintiff and Shavaler Johnson sitting in the rear living room of the apartment, which also has a kitchen separated by an island counter. Allegedly, as later claimed by the parole team/officers, on that counter was a bag containing 26 twists of crack cocaine (amongst a lot of clutter).

19.    The defendant BOARD and defendant parole officers requested and received assistance from the defendant CITY, NYPD, Det. Williams, and JOHN DOES, other agents of the CITY and NYPD; Det. Williams appeared on the scene.

20.    Defendants claim that none of them photographed the "bag"; defendants failed to preserve the "bag".

21.    Plaintiff, Melshawn Johnson, and Shavaler Johnson were each charged with Criminal Possession of a Controlled Substance in the Third

Degree (possession with intent to sell) and Criminal Possession of a Controlled Substance in the Fifth Degree (possession of over 500mgs of cocaine).

22.     Melshawn Johnson pleaded guilty in 2013.  Significant evidence existed, however, that exculpated plaintiff's and Shavaler Johnson's guilt. Specifically, testimonial and physical evidence (and the absence thereof) revealed that the bag was opaque and not clear, thus indicating that "the bag" was not in "plain sight", and thus, there would be no probable cause to search the bag without a search warrant. Thus, any search of the bag revealing its contents was illegal, and any arrest following was fruit of a poisonous tree. Moreover, if the bag were not clear, plaintiff's knowledge of the bag's contents, particularly in a residence that is not his own, was wholly unsupported.

23.     Evidence existed supporting the proposition that the bag was not clear, as follows:

-Parole Officer Maristany's 2013 grand jury testimony (describing the bag of drugs next to Parole Officer Campbell, who was allegedly the first to observe it): "It was bundled. *Once it was opened,* they had small packages of white powdery substance" (emphasis added).  This testimony revealed that the contents of the bag was not able to be ascertained without opening it; thus, the bag could not be clear.  In a 2019 meeting between Officer Maristany, plaintiff's then-trial counsel, and Shavaler Johnson's trial counsel, Officer Maristany admitted that it was unlikely that he would have given such testimony if the bag were clear.

6

-Parole Officer Logan's 2013 grand jury testimony: "There was a bundle in a *white bag*, which I recognized as being crack cocaine." (emphasis added).  Logan admitted that the bag was not clear, but rather, white.

-In the 2019 criminal trial, Officer Logan testified that he has heard and used the term "clear bag" numerous times over his many years as a parole officer and is very familiar with it.  Nevertheless, he used the term only to describe the bag of marijuana while describing the bag containing the cocaine as a "white" bag.

24.    Plaintiff awaited trial for twenty-two months, incarcerated.  During this entire time, defendants had no photographs of the bag, and by the time trial took place, defendants claimed to have lost possession of the bag.  At plaintiff's criminal trial and/or suppression hearing, defendants gave conflicting sworn testimony that the bag was clear.  Yet, they were unable to produce the bag as evidence, nor were they able to even produce photographs, to which they testified, stating that no photographs were taken.

25.    The defendants herein gave inconsistent, conflicting versions of what occurred at the time of plaintiff's arrest and with respect to the surrounding circumstances, specifically, the color of and visibility with respect to the bag, and knowingly and willingly informed the prosecutor of untrue condemning and unfavorable versions of what allegedly occurred, specifically, that the bag was clear as opposed to white.

26.     There was ample evidence that the bag was not clear, yet, defendants withheld this information from the prosecutor, and conveniently no longer possessed the bag, and there were no photographs taken.  This misinformation was given to the prosecutor in a malicious manner to commence an unwarranted prosecution against the plaintiff herein.

27.     The fact that the defendants never photographed the bag, nor was the bag preserved, further supports the premise that the bag was not clear, and thus, defendants had no legal or constitutional right to search it; yet, defendants continued to encourage the prosecutor to proceed with a malicious prosecution.  Defendants then destroyed the evidence that could have been exculpatory for the plaintiff.

28.     Defendants did more than just disclose facts to the prosecutor, but rather, influenced the prosecutors' decision to prosecute, in that the information provided to the prosecutor was replete with omissions, misrepresentations, and falsehoods.  The defendants' failure to make a full and complete statement of the facts to the prosecutor or the court, and holding back information that might have affected the choice to proceed with prosecution or results of a trial, constitutes an abuse of process and malicious prosecution on behalf of the defendants herein*, inter alia.*

29.     Plaintiff was tried in 2013 and convicted of Criminal Possession of a Controlled Substance in the Third Degree (possession with intent to sell) and Criminal Possession of a Controlled Substance in the Fifth Degree.  An appeal

was filed, and the conviction was reversed.  Plaintiff was retried on or about
April 18, 2019 to April 26, 2019.  On April 26, 2019, he was acquitted of all
charges, but only after spending twenty two months in jail.

30.    Testimony at both criminal trials established that the failure to
preserve the bag broke protocol and a bag containing drugs should always be
preserved.  Such testimony came from the vouchering NYPD detective Williams
(formerly Miller), an NYPD chemist, and an NYPD narcotics expert.  Failure to
photograph such critical evidence also broke protocol.

31.    This leads to the reasonable conclusion that the bag containing the
drugs was intentionally lost or destroyed to hide the fact that the bag was not
clear, for a white or opaque bag would have made the search of the bag and
subsequent arrests of plaintiff and Shavaler Johnson illegal, and would also
make proving plaintiff's and Shavaler Johnson's knowledge of its contents
impossible.  In other words, defendants intentionally lost or destroyed
exculpatory evidence.

32.    Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights,
due process rights, equal protection, and other federal and New York State
constitutional rights, were violated and not honored; Plaintiff was injured,
wrongfully prosecuted, tried, detained, arrested, and searched, without
justification, authorization, provocation or cause by the defendants herein, who
were acting either personally or in the scope of their employment and in
furtherance of the business of the defendants herein.

33.     That plaintiff did not violate any law, rule, or regulation, or acted in any way that would justify said actions.

34.     That the wrongful, unjust, and unlawful apprehension, search, arrest, and prosecution of the plaintiff were carried out without probable cause or any cause whatsoever, but rather, were carried out with malice.

35.     That the wrongful, unjust, and unlawful apprehension, search, arrest, and prosecution were carried out without reasonable suspicion, or any reason whatsoever.

36.     Although the defendants knew that the illegal search which was conducted without the existence of probable cause, that they improperly failed to photograph alleged evidence, that they allowed critical alleged evidence to become lost or destroyed, and that they gave conflicting testimony, defendants pursued the malicious prosecution of the plaintiff, in violation of plaintiff's constitutional rights; the defendants processed plaintiff generating misleading and false accusatory instruments in order to lay charges against plaintiff even though defendants knew or had reason to know that they were making an illegal arrest and were encouraging a malicious prosecution.

37.     That all of the foregoing occurred without any fault or provocation of the part of the plaintiff.

38.     The direct and proximate results of the defendants' acts are that plaintiff suffered severe and permanent injuries including deprivation of his freedom and liberty, and resulting physical and psychological injuries, among

other things.

**FIRST CAUSE OF ACTION**
**AS TO ALL DEFENDANTS:**
**PURSUANT TO 42 U.S.C §§ 1983,**
**FIRST, FOURTH, FIFTH, AND FOURTEENTH**
**AMENDMENT VIOLATIONS**

39.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

40.     Defendants were acting under color of state law, and while acting under color of state law, defendants deprived plaintiff of a federal constitutional right and statutory right, and by way of defendants' acts, defendants caused damages to be suffered by plaintiff.

41.     Defendants, in their individual, personal, and/or official capacities, acted to undertake a course of conduct to injure, oppress, threaten, intimidate and deprive Plaintiff in the free exercise and enjoyment of the rights, privileges and immunities, and equal protection of the law secured to him by the state and federal Constitution, including Plaintiff's First, Fourth Fifth and Fourteenth Amendment rights; including but not limited to the right to be free from illegal searches and seizures, the right to privacy; the right to not be falsely arrested; the right to not be maliciously prosecuted; and the denial of due process of law, and the equal protection of law.

42.     Plaintiff had the right to be free from being charged with a crime based on an illegal search with respect to property that was not even

11

his, over which he had no control; plaintiff further had the right to due process, of which he was denied; pursuant to the First and Fourteenth Amendments to the United States Constitution.

43.    Plaintiff had the right to be free from being charged with a crime and prosecuted for a crime, when there was no probable cause, and where exculpatory evidence existed, that defendants deliberately did not photograph and intentionally lost or destroyed.

44.    By reason of the foregoing, the Defendants, while acting under color of state law, in their individual, personal, and/or official capacities, targeted plaintiff and/or treated Plaintiff differently from similarly situated individuals.

45.    By reason of the foregoing, the Defendants, acting under color of state law in their individual, personal, and/or official capacities, deprived plaintiff of his constitutional rights.

**SECOND CAUSE OF ACTION**
**AS TO ALL DEFENDANTS:**
**PURSUANT TO 42 U.S.C §§ 1983,**
**MALICIOUS PROSECUTION**

46.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

47.    Defendants were acting under color of state law, and while acting under color of state law, or in their individual, personal, and/or official

capacities, deprived plaintiff of a federal constitutional right and statutory right, and by way of defendants' acts, defendants caused damages to be suffered by plaintiff.

48.    Defendants, in their individual, personal, and/or official capacities, acted to undertake a course of conduct to maliciously prosecute the plaintiff, which included, but is not limited to, causing violations of plaintiff's equal protection of the law secured to him by the state and federal Constitution, including Plaintiff's First, Fourth Fifth and Fourteenth Amendment rights.

49.    Defendants commenced and/or continued of a criminal proceeding against the plaintiff; the termination of the proceeding in plaintiff's favor; there was an absence of probable cause for the criminal proceeding; defendant's failed to take photos of critical evidence; defendants intentionally lost or destroyed exculpatory evidence; defendants acted with actual malice.

50.    The decision made by the prosecutor to bring, maintain, and proceed with criminal charges was not independent of any pressure exerted by the defendants herein.

51.    The misconduct alleged herein is more than merely reporting a crime, or giving testimony; defendants influenced the prosecutor's decision to prosecute; defendants failed to come forward with any relevant and compelling facts and/or proof; and thus, the defendants encouraged and/or importuned the prosecutor to act.

52.    Defendants in their individual, personal, and/or official capacities

played an active role in the prosecution; defendants failed to fully disclose information which ought to and should have been disclosed to the prosecutor; defendants omitted and/or misrepresented information to the prosecutor, and such omission or representation initiated the prosecution; defendants acted with malice.

53.     Defendants and their agents did not have probable cause to effect an arrest, and subsequently did not make a full and complete statement of the facts to the prosecuting entity or prosecutor, or kept back information which in all fairness should have been submitted to him or her; defendants withheld material facts and/or evidence that related directly to the subject arrest and prosecution, material facts which would have affected how the prosecutor proceeded.  The defendants failed to make a full and complete statement of the facts to the prosecutor and/or the court, and/or held back information that might have affected the results, and as such, defendants initiated a malicious prosecution and violated plaintiff's First, Fourth, Fifth, Fourteenth Amendment rights, inter alia.

## THIRD CAUSE OF ACTION
### AS TO ALL DEFENDANTS:
### ABUSE OF PROCESS

54.     Plaintiff repeats, reiterates, and realleges all of the allegations set forth above.

55.     Defendants in their individual, personal, and/or official capacities abused process by failing to adhere to standards and procedures with respect to documenting evidence in a criminal matter; defendants failed to photograph or maintain critical evidence that defendants knew or should have known would be exculpatory for the plaintiff.  Moreover, defendants continued to encourage prosecution of the plaintiff, despite their knowing that a critical piece of evidence had not been photographed or maintained.  As such, defendants unlawfully and unconstitutionally deprived the plaintiff of his liberty and freedom, without provocation or cause.

56.     Even if it is claimed by the defendants that there was a valid reason or probable cause for the arrest or criminal charges against plaintiff, defendants still misused a legal tool or process for ulterior purposes, constituting abuse of process.

57.     Defendants employed regularly issued legal process to compel performance or forbearance of some act, with intent to do harm without excuse of justification; in order to obtain a collateral objective that is outside the legitimate ends of the process.

58.     There was a regularly issued process, either civil or criminal; defendants had an intent to do harm without excuse or justification; defendants used the process in a perverted or improper manner to obtain a collateral objective, which was to harm and harass plaintiff herein, by

interfering with plaintiffs' First, Fourth, Fifth, and Fourteenth amendment rights, inter alia.

59.    The defendants abused their authority and abused their position; defendants abused and violated the public trust and in particular the trust of plaintiff. Defendants had no right under the laws of the land to detain, search, arrest, harass, incarcerate, or prosecute the plaintiff under the existing circumstances, yet they chose to regardless. The defendant officers, or other agents of the defendants, or the John Does, who did not detain, search, arrest, harass, incarcerate, or prosecute the plaintiff, should there be any, are liable to plaintiff for their failure to protect and intervene, and a violation of their duty to intervene, safeguard, and protect the plaintiff.

60.    There existed an ulterior motive or purpose in using and abusing the process, as well as an act in the use of the process that is not proper in the regular prosecution of the subject legal proceedings.

61.    Defendants had no probable cause for the arrest, but in addition to that, defendants intentionally failed to photograph the bag that was a critical piece of evidence at the center of the criminal matter against the plaintiff. Moreover, defendants intentionally destroyed or allowed to be destroyed, or lost or allowed to be lost, the bag that was a critical piece of evidence at the center of the criminal matter against the plaintiff, and said evidence would have been exculpatory for the plaintiff. Despite this abuse of process and lack of critical

evidence, defendant proceeded with the prosecution of the plaintiff, and proceeded with encouraging the prosecution of the plaintiff.

62.     Defendants knew or should have known that had this bag been preserved, or at the very least, photographed, it would have exonerated the plaintiff, and defendant's failure to do so caused and created damages for the plaintiff.


**FOURTH CAUSE OF ACTION
AS TO ALL DEFENDANTS:
PURSUANT TO 42 U.S.C §§ 1981, 1983
CONSPIRACY TO ENGAGE IN FIRST, FOURTH, FIFTH,
AND FOURTEENTH AMENDMENT VIOLATIONS**

63.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

64.     Defendants acting under color of state law, in their individual, personal, and/or official capacities, conspired to deprive plaintiff of a federally protected right; there was the existence of a conspiracy involving state action; and a deprivation of plaintiff's civil rights in furtherance of the conspiracy by a party to the conspiracy.

65.     Defendants, in their individual, personal, and/or official capacities, in their unconstitutional actions as set forth above, conspired with each other and others, under color of law and individually, reached a mutual understanding, and acted to undertake a course of unconstitutional actions as

17

set forth above, conspired to undertake a course of conduct to injure, oppress, intimidate and deprive Plaintiff in the free exercise and enjoyment of the rights, privileges and immunities, and equal protection of the law secured to him by the Constitution, including Plaintiff's First, Fourth Fifth and Fourteenth Amendment rights; including but not limited to the right to be free from illegal searches and seizures, the right to privacy; the right to be free from abuse of process and malicious prosecution, and the denial of due process of law, and the equal protection of law.

66.    By their conduct and under color of state law and individually; and defendants, both individually and collectively, conspired and engaged in a cover up, to deliberately fail to photograph critical evidence, to intentionally lose or destroy critical evidence, in order to conceal the wrongful, unconstitutional, and unlawful conduct taken against Plaintiff, and/or to deprive plaintiff of exculpatory evidence, and to purposely mislead the prosecutor, as set forth above, by defendants and their co-conspirators.

67.    As set forth above, the Defendants, in their individual, personal, and/or official capacities, and/or collectively, conspired together for the purpose of depriving the Plaintiffs of the aforementioned constitutional rights.

**FIFTH CAUSE OF ACTION**
**AS TO DEFENDANTS**
**CITY, NYPD, STATE, AND BOARD:**
**PURSUANT TO 42 U.S.C § 1983,**
**SUPERVISORY LIABILITY**

68.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

69.     THE CITY, NYPD, STATE, and BOARD, collectively referred to herein for this cause of action as "supervisors", and also other supervisors whose names are currently unknown but are referred to as JOHN DOES in the caption,  directed WILLIAMS, LOGAN, CAMPBELL, MARISTANY, and other JOHN DOES representing additional officers whose names are unknown at this time, collectively referred to herein for this cause of action as "subordinates", to take the actions set forth herein; supervisors had actual knowledge of subordinates' violation of plaintiff's civil and constitutional right, and supervisors acquiesced in that violation; supervisor, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the violation.

70.     Defendant supervisors, in their individual, personal, and/or official capacities, individually and collectively, also engaged in supervisory roles and were senior policymakers with oversight, control over, and responsibility for other officers, agents, and/or employees.

71.     Defendant supervisors, in their individual, personal, and/or official

capacities, are and were responsible for training, instruction, supervision and discipline.

72.    The custom and practice as described herein, which took place without proper supervision, created an unreasonable risk of the occurrence of constitutional violations to occur, which they did, as describe herein; the supervisors were aware that this unreasonable risk existed; the supervisor was deliberately indifferent to that risk; the subordinates' actions which caused and created constitutional violations, resulted from the supervisors' failure to adopt a proper practice which would have prevented the constitutional violations.

73.    Personal involvement by a supervisor or supervisors exist, as:  the defendant supervisors, known or unknown at this time, either named specifically or referred to as JOHN DOE, participated directly in the alleged constitutional violation, the defendant supervisor, after being informed of the violation through a report or appeal, failed to remedy the wrong, the defendant supervisor created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, the defendant supervisor was grossly negligent in supervising subordinates who committed the wrongful acts, and/or the defendant supervisor exhibited deliberate indifference to the rights of parolees, specifically, the plaintiff, by failing to act on information indicating that unconstitutional acts were occurring.

74.    In light of the pattern and practice of  an incompetent investigation, arrest, and prosecution, lack of probable cause, the loss or

20

destruction of exculpatory evidence, the failure to photograph evidence, that plaintiff was subjected to as set forth herein, defendant supervisors, by way of their being supervisors or having supervisory roles, created, and had notice of unconstitutional actions and the creation of an unconstitutional situation and event, as set forth above.

**SIXTH CAUSE OF ACTION**
**AS TO ALL DEFENDANTS:**
**PURSUANT TO 42 U.S.C § 1983,**
**FAILURE TO INTERVENE/INTERCEDE**

75.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

76.    Plaintiff contends that one or more than one defendant (referred to herein as "first referenced defendant" for purposes of this cause of action) violated plaintiff's constitutional rights, specifically, first, fourth, fifth, and fourteenth amendment, among others, and that one or more than one other defendants (referred to herein as "second referenced defendant(s)" for purposes of this cause of action) should be liable for that violation because the second referenced defendant(s) failed to intervene to stop the violation caused and created by the first referenced defendant.  Thus, the second referenced defendant(s) is/are liable for that violation.

77.    First referenced defendant violated plaintiff's constitutional rights. Second referenced defendant had a duty to intervene. Second referenced

defendant had a reasonable opportunity to intervene. Second referenced defendant failed to intervene.

78.     Defendants, in their unconstitutional actions as set forth above, and defendants, in their individual and official capacities, and defendants, by their conduct both individually under color of state law, individually and collectively, each acting individually and under color of state law and in the furtherance of their interagency conspiracy, had opportunities to intercede and prevent the wrongful, unconstitutional, and illegal acts towards plaintiff as set forth above, which resulted in violations of the First, Fourth, Fifth, and Fourteenth Amendments, and other constitutional violations, and failed to do so.

## SEVENTH CAUSE OF ACTION
## AS TO DEFENDANTS
## CITY, NYPD, AND BOARD:
## MONELL CLAIM

79.     Plaintiffs repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

80.     Defendants CITY, NYPD, AND BOARD, in their unconstitutional actions as set forth above, and all defendants, in their individual and official capacities, and all defendants and their agents and employees of CITY, NYPD, and BOARD, have developed and engaged in repeated practices, procedures,

policies, and customs exhibiting deliberate indifference to the constitutional
rights of individuals situated as plaintiff, and plaintiff herein.

81.    It was the practices, procedures, policies, and customs of
defendants to improperly deprive the plaintiff of his constitutional rights,
and/or to enter into a conspiracy to deprive plaintiff of his constitutional
rights.

82.    CITY, NYPD, and BOARD, on their own, not only failed to prevent
constitutional violations, but instead, has used its power, management,
operation, and control to aid and abet in constitutional violations, and/or
conceal constitutional violations, and/or cover-up constitutional violations,
and/or allow and permit constitutional violations; and to control, manipulate
and inflict harm on civilians and/or parolees, or those who are are otherwise
being targeted by people of power within the CITY, NYPD, and/or BOARD.

83.    All of the acts and omissions by the individual defendants,
described above were carried out pursuant to overlapping policies and
practices of the CITY, NYPD, and/or BOARD which were in existence at the
time of the conduct alleged herein and were engaged in with the full knowledge,
consent and cooperation and under the supervisory authority of defendants
CITY, NYPD, and BOARD.

84.    Defendants CITY, NYPD, and BOARD, by their policy-making
agents, servants and employees, authorized sanctioned and/or ratified the
individual Defendants' wrongful acts as described herein, and/or failed to

prevent or stop those acts and/or allowed those acts to continue.

85.   Defendants engaged in the unconstitutional acts as described herein, notwithstanding their knowledge that said acts would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

86.   Defendants CITY, NYPD, and BOARD, have grossly failed to train and adequately supervise its personnel, agents, and/or employees.

87.   All of the acts and omissions by the individual defendants, described above were carried out pursuant to overlapping policies, patterns, and practices of the CITY, NYPD, and BOARD, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of defendant CITY, NYPD, and BOARD.

88.   Defendant CITY, NYPD, and BOARD, by their policy-making agents, servants and employees, authorized sanctioned and/or ratified the individual Defendants' wrongful acts and/or failed to prevent or stop those acts and/or allowed those acts to continue.

89.   Defendants detained, arrested, falsely searched, prosecuted, encouraged to prosecute, and victimized plaintiff in the absence of any evidence of probable cause or reasonableness to do so, notwithstanding their knowledge that said actions would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

90.   Defendant CITY, NYPD, and BOARD, has grossly failed to train and

adequately supervise its police officers in the fundamental law of use of reasonable detention, search, arrest, and/or prosecution.

91.    The direct and proximate results of the defendants' acts are that plaintiff suffered severe and permanent injuries of a physical and psychological nature.

**EIGHTH CAUSE OF ACTION
AS TO DEFENDANTS
CITY, NYPD, STATE, AND BOARD:
MUNICIPAL AND/OR GOVERNMENTAL LIABILITY**

92.    Plaintiff repeats, reiterates, and realleges all of the allegations set forth above.

93.    That defendant CITY, NYPD, STATE, and BOARD, its employees, agents and/or servants, failed to take any necessary steps to prevent this occurrence; failed to properly train its employees, agents and/or servants in arrest procedures; failed to control and supervise its employees, agents and/or servants; failed to prevent the aforesaid detention, incarceration, violation of constitutional rights, and permanent psychological injuries to the plaintiff; and were otherwise reckless, careless, and negligent.

94.    That as a result of the above referenced negligence; Plaintiff was caused to sustain damages and their constitutional rights were violated.

**NINTH CAUSE OF ACTION**
**AS TO DEFENDANTS CITY AND WILLIAMS:**
**PURSUANT TO STATE OF NEW YORK LAW,**
**MALICIOUS PROSECUTION**

95.   Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

96.   That one of or more than one of the defendant officers prepared formal accusatory instruments, with the knowledge that no crime or violation had occurred, and/or that there was no probable cause in existence regarding the commission or a crime or a resulting arrest, detainment, or prosecution.

97.   That one of or more than one of the defendant officers prepared and filed charges against plaintiff with malice and the intent of depriving plaintiff of his liberty and right to not have his person seized knowing they had no cause or grounds to do so.

98.   That one of or more than one of the defendant officers prepared and filed these charges against plaintiff with the intent to deprive plaintiff of his constitutional rights.

99.   That the defendants caused the commencement or continuation of a criminal proceeding by against the plaintiff, the termination of the proceeding was in favor of the plaintiff, resulting in a total acquittal; there was no probable cause for the criminal proceeding, and defendants acted with actual malice.

100.   The misconduct alleged herein is more than merely reporting a crime, or giving testimony; defendants influenced the prosecutor's decision to

26

prosecute; defendants failed to come forward with any relevant and compelling facts and/or proof; and thus, the defendants encouraged and/or importuned the prosecutor to act.

**TENTH CAUSE OF ACTION**
**AS TO DEFENDANTS**
**CITY, NYPD, STATE, AND BOARD:**
**PURSUANT TO NEW YORK STATE LAW,**
**NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION**

101.   Plaintiff repeats, reiterates and realleges all of the allegations set forth above.

102.   The defendant CITY, NYPD, STATE, AND BOARD (collectively referred to herein as "the municipal defendants", for this cause of action) hired and/or trained and/or supervised and/or retained an employee, specifically, the individually named defendants herein WILLIAMS, LOGAN, CAMPBELL, MARISTANY, and JOHN DOE or DOES (collectively referred to herein as "the individually named defendants"), who were unfit for his or her position, with knowledge of the employee's unfitness, and which caused an injury to plaintiff.

103.   The municipal defendants were negligent in its hiring process regarding officers, employees, and/or agents, including but not limited to the individually named defendants in failing to properly hire, train, supervise, and retain said officers, employees, and/or agents.

104.   The municipal defendants, their agents, servants, and/or employees had a duty to investigate, educate, and/or supervise its officers

27

including the individually named defendants and make sure that said officers were fully aware of all proper procedures and policies with respect to arrests, probable cause, and the maintenance and preservation of evidence in criminal matters.

105.   The municipal defendants, their agents, servants, and/or employees, had a duty to supervise the individually named defendants, and properly monitor their behavior, acts, actions, and performance with respect to arrests and post-arrest procedure.

106.   The municipal defendants, their agents, servants, and/or employees, breached their aforementioned duties and therefore negligently hired, retained, supervised, and/or monitored the individually named defendants.

107.   The municipal defendants, their agents, servants, and/or employees, knew or should have known that the individually named defendants would be likely to deviate from policing accepted standards of practice, by failing to properly document critical evidence in a criminal case, among other things, on the municipal defendant's behalf, and/or in the course of his employment with the municipal defendants in a negligent and/or reckless manner.

108.   The municipal defendants, their  agents, servants, and/or employees, placed their officers, employees, and/or agents, specifically the individually named defendants, in a position to cause foreseeable harm, which

the plaintiff would have been spared had the employer taken reasonable care in supervising or retaining the individually named defendants.

109.   The municipal defendants, their agents, servants, and/or employees, knew or should have known of the individually named defendants' propensity for the conduct that caused the injury, including but not limited to, failing to adhere to the requirement of probable cause, and failing to properly photograph and preserve evidence.

110.   The municipal defendants, their agents, servants, and/or employees,  were acting in the scope of their employment when they failed to properly execute their duties with respect to properly training and supervising the individually named defendants.

111.   The individually named defendants were performing actions to further the municipal defendant's interest, or to carry out duties incumbent upon the employ in furthering the employer's business.

112.   The municipal defendants were on notice of similar acts of its officers, employees, and/or agents, and thus, it was incumbent upon them to take whatever supervisory precautions that were necessary to prevent such acts from continuing to occur, specially, the act that occurred that involved the plaintiff herein.

113.   The municipal defendants were negligent in its hiring, retention, and supervision of the individually named defendants.

114.   As a result of the municipal defendants' negligent hiring,

supervision, and retention, plaintiff was injured and suffered, and continues to suffer, damages.

115.   This cause of action also applies, in its entirety, to any applicable JOHN DOE, who was employed by the CITY and/or NYPD, who was involved in the subject incident, whose name is not known at this time.

**ELEVENTH CAUSE OF ACTION
AS TO DEFENDANTS
CITY, NYPD, STATE, AND BOARD:
RESPONDEAT SUPERIOR**

116.   Plaintiff repeats, reiterates and realleges each and every allegation contained herein as if fully set forth at length herein.

117.   All of the acts and omissions by the individually named defendants, described above were carried out pursuant to overlapping policies, patterns, and practices of the municipal defendants, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of the municipal defendants.

118.   The municipal defendants, by their policy-making agents, servants and employees, authorized sanctioned and/or ratified the individually named defendants' wrongful acts and/or failed to prevent or stop those acts and/or allowed those acts to continue.

119.   The individually named defendants detained, arrested, falsely

30

searched, prosecuted, and victimized plaintiff in the absence of any evidence of probable cause or reasonableness to do so, notwithstanding their knowledge that said actions would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

120.   The municipal defendants have grossly failed to train and adequately supervise its police officers in the fundamental law of use of reasonable detention, search, arrest, evidence, and/or prosecution.

121.   The direct and proximate results of the defendants' acts are that plaintiff suffered severe and permanent injuries of a physical and psychological nature.

**TWELFTH CAUSE OF ACTION
AS TO ALL DEFENDANTS:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

122.   Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

123.   That defendants herein had a duty of care to the plaintiffs; that said duty was breached; that said breach resulted directly in emotional harm.

124.   That defendants' intentional actions go beyond all possible bound of decency and is regarded as atrocious and utterly intolerable in a civilized community.

125.   That defendants' conduct was extreme and outrageous.

126.   That defendants acted intentionally and recklessly, caused severe

emotional distress and mental trauma to the plaintiffs; that defendants engaged in extreme and outrageous conduct; intentionally and recklessly causing, or intentionally and recklessly disregarding a substantial probability of causing, severe emotional distress; and there lies a causal connection between the conduct and injury; and resulting severe emotional distress.

127.   That the acts of defendants described herein constitute an intentional infliction of emotional distress against the plaintiff, and the plaintiff has suffered damages pursuant thereto, and will continue to suffer same in the future.

128.   As a result of defendants' actions, plaintiff was injured and suffered, and continues to suffer, emotional and other damages.

## THIRTEENTH CAUSE OF ACTION
## AS TO ALL DEFENDANTS:
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

129.   Plaintiffs repeats, reiterates and re-alleges each and every allegation contained in the paragraphs set forth above, with the same force and effect as if more fully set forth herein.

130.   That defendants herein had a duty of care to the plaintiff; that said duty was breached; that said breach resulted directly in emotional harm.

131.   That defendants' negligent actions go beyond all possible bound of decency, and are regarded as atrocious and utterly intolerable in a civilized community.

132.   That defendants' conduct placed plaintiff in reasonable fear of immediate personal injury, which caused emotional distress, which manifested in a physical way.

133.   That defendants' negligent actions were extreme and outrageous.

134.   That defendants, through extreme, outrageous, and negligent behavior, caused severe emotional distress and mental trauma to the plaintiff; that defendants engaged in extreme and outrageous conduct; negligently and recklessly causing, or negligently and recklessly disregarding a substantial probability of causing, severe emotional distress; and there lies a causal connection between the conduct and injury; and resulting severe emotional distress.

135.   That the acts of defendant described herein constitute a negligent infliction of emotional distress against the plaintiff, and the plaintiff has suffered damages pursuant thereto, and will continue to suffer same in the future.

136.   As a result of defendants' actions, plaintiff was injured and suffered, and continue to suffer, emotional and other damages.

\*      \*      \*

Because of the acts set forth herein, and each and every cause of action set forth herein, and plaintiff's unjust incarceration, plaintiff has suffered and

continues to suffer damages.

**WHEREFORE**, plaintiff demands judgment against defendants, and each of them, on all of the foregoing causes of action, in the form of compensatory damages for his pain and suffering, loss of enjoyment of life, loss of liberty, loss of freedom, incarceration for twenty two months, infringement on his constitutional rights, economic loss, compensatory loss, and other losses and damages, in an amount that exceeds the jurisdictional limits of all lower courts that otherwise would have jurisdiction in the matter, and plaintiff further demands punitive damages on all causes of action, in an amount to be determined by the trier of fact, together with attorney's fees, costs, and disbursements.

Dated: January 20, 2021
    Nassau County, NY

                              Yours, etc.,
                       LAW OFFICES OF NORA CONSTANCE MARINO

                       BY: NORA CONSTANCE MARINO, ESQ.
                       Attorneys for Plaintiff
                       175 East Shore Road, Suite 230
                       Great Neck, NY 11023
                       516-829-8399
                       nora@marinojustice.com
                       File No. 1638

## <u>ATTORNEY VERIFICATION</u>

STATE OF NEW YORK   )         ss.:

COUNTY OF NASSAU            )

     **NORA CONSTANCE MARINO**, an attorney duly licensed to practice law, affirms under penalties of perjury, that I am the attorney of record for plaintiff in the within action; that I have read the foregoing **COMPLAINT** and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe it to be true.  The reason this verification is made by me and not by plaintiff named herein, is that the plaintiff resides in a different county then that which your deponent maintains her office.

DATED: January 20, 2021

     Nassau County, NY

                          AFFIRMED:

                          **NORA CONSTANCE MARINO**

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK                                    Case No.: 20-CV-5442

VIJAY JAIN,

                              Plaintiff,

        - against –

THE CITY OF NEW YORK, the NEW YORK CITY POLICE DEPARTMENT, DET. TAMARA WILLIAMS, NEW
YORK STATE DEPT. OF CORRECTION AND COMMUNITY SUPERVISION aka BOARD OF PAROLE, PAROLE
OFFICER ANDRE LOGAN, PAROLE OFFICER RONNITA CAMPBELL, PAROLE OFFICER RAYNOLDO
MARISTANY, and JOHN DOES 1-10, agents of the defendants, names being fictitious as their true identifies
are unknown at this time,

                              Defendants.

## AMENDED COMPLAINT

**Law Offices Of**
**NORA CONSTANCE MARINO**
*Attorney for Plaintiff*
*Office and Post Office Address, Telephone*
**175 East Shore Road, Suite 230**
**Great Neck, New York 11023**
*PHONE:* **516.829.8399**
*FAX:* **516.829.4699**
**File No. 1638**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the
annexed document are not frivolous.*
*Dated:_____20___*

_____
**Nora Constance Marino**

**To :**                                          Service of a copy of the within
                                                   is hereby admitted.
                                                   Dated: _____20___
**Attorney(s) for:**
                                                   _____

**PLEASE TAKE NOTICE :**

☐   NOTICE        that the within is a *(certified)* true copy of a

    OF ENTRY:     duly entered in the office of the clerk of the within named court on                    20

☐   NOTICE OF     that an order of which the within is a true copy will be presented for settlement to the

    SETTLEMEN     HON.                      One of the judges of the within named Court, at
    T:
                  on                        20    at        M.
Dated: _____, 20___

                                           Yours, etc.
                                           **Law Offices Of**
                                           **NORA CONSTANCE MARINO**