UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                    :
VIJAY JAIN,                                                         :
                                                                    :
                              Plaintiff,                            :
                                                                    :            20-CV-5442 (JMF)
              -v-                                                   :
                                                                    :            OPINION AND ORDER
CITY OF NEW YORK, et al.,                                           :
                                                                    :
                              Defendants.                           :
                                                                    :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiff Vijay Jain brings this suit against the City of New York, the New York City

Police Department ("NYPD"), the New York State Department of Correction and Community

Supervision ("DOCCS"), the Board of Parole, NYPD Detective Tamara Williams, Parole

Officers Andre Logan, Ronnita Campbell, Raynoldo Maristany, as well as John Does 1-10,

alleging a slew of claims pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1981, and New York State

law relating to his arrest and subsequent prosecution.  Now pending are two motions — one

brought on behalf of Defendants affiliated with New York State (the "State Defendants") and

one brought on behalf of Defendants affiliated with New York City (the "City Defendants") —

to dismiss the First Amended Complaint ("Complaint").  *See* ECF Nos. 26 ("State Defs.' Mem.)

& 39 ("City Defs.' Mem.").  For the reasons that follow, their motions are GRANTED.

                                    **BACKGROUND**

        The following relevant facts, drawn from the Complaint, *see* ECF No. 21 ("FAC"), and

aspects of a related state-court record of which the Court can take judicial notice, *see Bristol v.*

*Nassau County*, 685 F. App'x 26, 28 (2d Cir. 2017) (summary order) (finding that district court's

consideration of "related state criminal proceedings proffered by defendants" was proper because

"[t]hese self-authenticating, publicly available records satisfied Rule 201(b)(2) and bore directly

on the question of issue preclusion"), are taken as true for purposes of this motion, *see, e.g.*,

*Kleinman v. Elan Corp.*, 706 F.3d 145, 147, 152 (2d Cir. 2013).

On July 9, 2013, Jain was with non-parties Shavaler Johnson and Melshawn Johnson in

an apartment belonging to Melshawn, who was on parole.  FAC ¶ 17.[1]  At around 6:15 a.m.,

parole officers arrived at the apartment with an arrest warrant for Melshawn.  *Id.*; ECF No. 40-4

("Hrg. Tr."), at 5.[2]  Melshawn opened the apartment door and was immediately arrested at the

front door.  FAC ¶ 18.  The parole officers then entered the apartment, where they saw Jain and

Shavaler sitting in the hybrid kitchen and living room area at the rear of the apartment.  *Id.* ¶ 18.

On the kitchen counter, the officers observed a bag, *id.*, which Jain alleges was white and

opaque, *id.* ¶ 22.  They opened the bag and, upon finding that it contained twenty-six twists of

crack cocaine, arrested Melshawn, Jain, and Shavaler.  *Id.* ¶¶ 18-21; *see also* Hrg. Tr. 5-6.  Each

was charged with criminal possession of a controlled substance in the third degree and criminal

possession of a controlled substance in the fifth degree.  FAC ¶ 21.

Melshawn pleaded guilty in 2013.  *Id.* ¶ 22.  By contrast, Jain and Shavaler moved to

suppress the seized crack cocaine on the ground that the search was unlawful.  *See* Hrg. Tr. 6.

On January 9, 2014, Justice Renee White conducted a hearing, during which Parole Officers

Campbell and Logan testified, and held that the evidence was admissible.  *Id.* at 4, 7.  Justice

White found that Officer Campbell had "observed on a counter a clear plastic bag containing

numerous bags of cocaine" and held that there was "probable cause for an arrest of [Jain and

---

[1]      Given that they share a surname, the Court will refer to Shavaler and Melshawn Johnson
by their first names.

[2]      References to page numbers in this filing are to the page numbers automatically
generated by the Court's Electronic Case Filing ("ECF") system.

Shavaler] based upon the drugs recovered on the counter near" them. *Id.* at 5-6.   Justice White further held that the officers "had the right to walk through the apartment for the purpose of securing the apartment" and that, "in the walk-through of the apartment, Officer Campbell observing drugs in plain view then had a right to seize the drugs." *Id.* at 6.

In April 2015, Jain was tried by a jury and convicted on both counts.  FAC ¶ 29.[3]  Jain then appealed his conviction to the New York Appellate Division, First Department, reasserting his contention that the drugs recovered from the apartment should have been suppressed and arguing that the trial court had erred in instructing the jury with respect to the "drug factory presumption." *People v. Johnson*, 160 A.D. 3d 573, 573-74 (1st Dep't N.Y. App. Div. 2018).  On April 26, 2018, the appellate court reversed Jain's conviction, finding that it had been error to instruct the jury regarding the drug factory presumption. *Id*. at 574.  Significantly, however, the appellate court found no error with respect to denial of Jain's suppression motion, holding that the "officers properly recovered the drugs, which were found in plain view" and that "the search was lawful." *Id*.  In April 2019, Jain was tried for a second time, and a jury acquitted him of all charges.  FAC ¶ 29.  On January 22, 2021, Jain brought the present civil suit in federal court.

## LEGAL STANDARDS

Defendants move to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In evaluating their motions, the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Jain's favor. *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a

---

[3]     The Complaint states that Jain was tried in 2013, FAC ¶ 29, but the state-court records reveal that the trial occurred in April 2015, *see* ECF No. 40-5.  The Court therefore assumes that the reference in the Complaint is a scrivener's error.

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555. If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

In considering a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A document is incorporated by reference where the complaint "make[s] a clear, definite and substantial reference to [it]." *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F. Supp. 2d 273, 275-76 (S.D.N.Y. 2002) (collecting cases). A court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A. Inc.*, 146 F. 3d 66, 70-71 (2d Cir. 1998). Courts "routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *see also, e.g.*, *Bristol*, 685 F. App'x at 28 (taking judicial notice of decisions in related state criminal proceedings); *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012) (taking judicial notice of a state criminal prosecution).

# DISCUSSION

In their motions, the State and City Defendants seek dismissal of all Jain's claims. Many of their arguments require little discussion, either because they are undisputed or because they are not subject to reasonable dispute. Specifically, upon review of the Complaint and the parties' memoranda of law, the Court rules as follows:

(1) Jain's state law claims against DOCCS and (assuming it is an independent and suable entity) the Board of Parole are dismissed pursuant to New York State's doctrine of general sovereign immunity. As state agencies, DOCCS and the Board of Parole have general sovereign immunity from lawsuits in all New York State courts except for the Court of Claims. *See* N.Y. Const., art. VI., § 9; *Gross v. Perale*, 72 N.Y.2d 231, 235 (1988) ("[W]here a party seeks only money damages against the state, the proper forum for such an action is in the Court of Claims."). This sovereign immunity "extends to 'arms of the state' including agencies such as DOC[C]S," *Brooks v. Jackson*, No. 11-CV-6627 (JMF), 2013 WL 5339151, at *3 (S.D.N.Y. Sept. 23, 2013), and applies notwithstanding the fact that this proceeding was removed to federal court, *Beaulieu v. Vermont*, 807 F.3d 478 (2d Cir. 2015) ("[W]here a state defendant has not waived its underlying state sovereign immunity, i.e., where it is arguably protected from private suit in its own courts as well as federal fora, the state may avail itself of removal to the federal court without sacrificing this immunity . . . .").

(2) Because "a claim for damages against state officials in their official capacity is considered to be a claim against the State," *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002), Jain's state law claims against each parole officer in his or her official capacity must be dismissed for the same reason. His state law claims against each parole officer in his or her personal capacity for acts done within the scope of employment must be dismissed as well pursuant to Section 24 of New York Correction Law. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 2009); *see also Bernardi v. N.Y. State Dep't of Corr.*, No. 19-CV-11867 (KMK), 2021 WL 1999159, at *5 (S.D.N.Y. May 19, 2021) ("Employees are considered to be acting within the scope of their employment as long as they are carrying out their assigned duties, no matter how irregularly, or with what disregard of instructions." (internal quotations omitted)).

(3) In the alternative, Jain's Section 1983 claims against DOCCS, the Board of Parole, and the parole officer Defendants in their official capacities must be and are dismissed because "neither a State nor its officials acting under their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

(4)     Jain's claims against the NYPD must be and are dismissed *sua sponte* because
        agencies of the City of New York are not suable entities.  *See Jenkins v. City of
        New York*, 478 F. 3d 76, 93 n.19 (2d Cir. 2007); *see also* N.Y.C. Charter § 396.

(5)     To state a cause of action under Section 1981, a complaint must allege "facts
        supporting . . . defendants' intent to discriminate on the basis of race."  *Brown v.
        City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000).  Jain's Complaint makes no
        such allegation of intent.  In fact, it makes no reference at all to his or anyone
        else's race.  Thus, Jain's Section 1981 claims must be and are dismissed.

(6)     Jain's Section 1983 claim for violation of the First Amendment is dismissed as
        abandoned.  *See* ECF No. 34 ("Pl.'s State Opp'n"), ¶ 63 (acknowledging, and
        failing to respond to, Defendants' argument that Plaintiff "failed to sufficiently
        allege a first amendment violation claim"); *see also, e.g.*, *Felix v. City of New
        York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally
        will, deem a claim abandoned when a plaintiff fails to respond to a defendant's
        argument that the claim should be dismissed." (internal quotation marks
        omitted)).

(7)     Jain pleads an independent claim for *respondeat superior*.  *See* FAC ¶¶ 116-21.
        "Under New York law," however, "*respondeat superior* does not stand alone as a
        substantive cause of action."  *Biswas v. City of New York*, 973 F. Supp. 2d 504,
        540 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Biberaj v.
        Pritchard Industries, Inc.*, No. 08-CV-7993 (PGG), 2009 WL 1073822 (S.D.N.Y.
        Sept. 28, 2009) ("*Respondeat superior* is a theory of liability and not a stand-
        alone cause of action."); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691
        (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat
        superior* theory.").  Accordingly, any such claim must be and is dismissed.

(8)     Jain's abuse of process claim must also be dismissed.  To state such a claim, a
        plaintiff must allege that the defendant "(1) employs regularly issued legal
        process to compel performance or forbearance of some act (2) with intent to do
        harm without excuse [or] justification, and (3) in order to obtain a collateral
        objective that is outside the legitimate ends of the process."  *Savino v. City of New
        York*, 331 F.3d 63, 76 (2d Cir. 2003).  "Examples of the types of collateral
        objectives covered by the tort of malicious abuse of process include the infliction
        of economic harm, extortion, blackmail, and retribution."  *Johnson v. City of New
        York*, No. 15-CV-8195 (GHW), 2017 WL 2312924, at *18 (S.D.N.Y. May 26,
        2017).  Here, Jain merely asserts in conclusory fashion that Defendants acted "in
        order to obtain a collateral objective that is outside the legitimate ends of the
        process."  FAC ¶ 57.  Such a "threadbare recital[] of the elements of a cause of
        action, supported by mere conclusory statements," does not suffice.  *Iqbal*, 556
        U.S. at 678.

(9)     Jain's state law claims for intentional infliction of emotional distress and
        negligent infliction of emotional distress also fail as a matter of law.  "For both
        negligent and intentional infliction of emotional distress, a plaintiff must show

that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Ivery v. Baldauf*, 284 F. Supp. 3d 426, 441 (W.D.N.Y. 2018) (internal quotation marks omitted); *see also DiRuzza v. Lanza*, 685 F. App'x 34, 36-37 (2d Cir. 2017) (summary order). The conduct alleged does not come close to meeting this high standard. In addition, under New York law, a person may not bring claims for intentional or negligent infliction of emotional distress where, as here, there are "more traditional theories of tort liability available." *Hayes v. City of New York*, No. 14-CV-10126 (JMF), 2017 WL 782496, at *5 (S.D.N.Y. Feb. 28, 2017).

(10)    In response to the State Defendants' motion to dismiss, Jain affirms that he "has not alleged a false arrest claim." Pl.'s State Opp'n ¶ 74. Accordingly, any such claim is deemed abandoned or dismissed as unopposed.

(11)    Any claims under the Fifth Amendment must be and are dismissed because the Fifth Amendment "protects citizens against only federal government actors, not State officials." *Mitchell v. Home*, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005). Here, all Defendants are state and local officials.

That still leaves various claims, including claims relating to Jain's arrest under the Fourth and Fourteenth Amendments and a malicious prosecution claim. The Court will address each in turn.

## A.  Most of Jain's Claims Are Time Barred

First, almost all of Jain's claims are time barred. With respect to Jain's state law claims, New York law provides that a plaintiff must serve notice of a claim against a municipality or an employee of a municipality within one year and ninety days after the events upon which the claim is based. *See* N.Y. Gen. Mun. Law § 50-i(1); *see also Regan v. Sullivan*, 557 F.2d 300, 305-06 & n.5 (2d Cir. 1977). New York state courts strictly construe this notice of claim requirement, and "[f]ailure to comply with these requirements ordinarily requires a dismissal for failure to state a cause of action." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 794 (2d Cir. 1999); *see Felder v. Casey*, 487 U.S. 131, 151 (1988) ("[F]ederal courts entertaining state-law claims against . . . municipalities are obligated to apply the [state] notice-of-claim provision."). Jain's Section 1983 claims, meanwhile, are subject to a three-year statute of limitations. *See Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). A Section 1983 claim

accrues, and the statute of limitations begins to run, when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994) (internal quotation marks omitted).

In the present case, Jain's claims are based largely, if not entirely, on the search and his arrest, both of which occurred on July 9, 2013. *See* Hrg. Tr. 5-6. At the latest, he knew or had reason to know of the injuries underlying the vast majority of his claims by April 2015, when he was convicted at his first trial. *See* ECF No. 40-5. Thus, with the exception of his malicious prosecution claims — which did not accrue until he was acquitted in April 2019, *see* FAC ¶ 29; *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) — his claims accrued no later than April 2015. Yet Jain did not file this lawsuit until January 22, 2021, long after the applicable statutes of limitations had run their course. *See Allen v. Antal*, 665 F. App'x 9, 12 (2d Cir. 2016) (summary order) ("Because the alleged illegal search and seizure, arrest, and arraignment all occurred on June 22, 2007, Allen's November 2012 Complaint falls well outside the three-year time limit."); *id*. at 13 ("Allen's state-law claims for false arrest, false imprisonment, and assault and battery were likewise properly dismissed as barred by the applicable statute of limitations"); *Sosa v. Bustos*, No. 17-CV-417 (ER), 2020 WL 1940550, at *6 n.3 (S.D.N.Y. Apr. 22, 2020) ("Sosa alleges that he was struck on the head by a law enforcement officer on January 27, 2016. Accordingly, Sosa's § 1983 claims expired on January 27, 2019, and his state law claims expired on April 27, 2017, both long before Sosa filed his Amended Complaint."). Accordingly, with the exception of Jain's malicious prosecution claims, all of Jain's claims must be dismissed as time barred. *See, e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while timeliness is typically an affirmative defense, a court may grant a

motion to dismiss on the basis of a statute of limitations when the deficiency is clear from the face of the complaint).

In arguing otherwise, Jain asserts that he only "became aware that he was suffering a wrong when defendants continued to pursue his prosecution, even after his first conviction was overturned." ECF No. 44 ("Pl.'s City Opp'n"), ¶ 37. But every act on which Jain's claims are based occurred before his first trial in 2015, and Jain was plainly aware of them at that time given that he filed a motion to suppress in state court shortly thereafter. Nor are Jain's claims salvaged by the continuing tort or violations doctrine, which he invokes. *See id.* at 8-11. That doctrine is "an exception to the normal knew-or-should-have-known accrual date rule," which treats "a series of separate acts that collectively constitute one unlawful practice as a single composite entity when the resulting claims by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment." *DeSuze v. Ammon*, 990 F.3d 264, 271 (2d Cir. 2021) (internal quotation marks omitted). Significantly, however, the doctrine "does not extend the limitations period for any continuing period of tortious conduct, but rather is limited to certain recognized torts that involve continuing harm." *Lucas v. Novogratz*, No. 01-CV-5445 (GEL), 2002 WL 31844913, at *7 (S.D.N.Y. Dec. 18, 2002); *see also Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 309 (2d Cir. 2020) (noting that the continuing violation doctrine "applies not to discrete unlawful acts, even where those discrete acts are part of 'serial violations,' but to claims that by their nature accrue only after the plaintiff has been subjected to some threshold amount of mistreatment"). Moreover, "[a]s a general matter, the continuing tort doctrine is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." *JianJun Li v. Vill. of Saddle Rock*, No. 20-CV-2289 (DRH), 2021 WL 1193618, at *8 (E.D.N.Y. Mar. 30, 2021) (cleaned up). There are no such compelling

circumstances here.  Jain's claims arise from "discrete unlawful acts" — most obviously, from the search and arrest.  *Lucente*, 980 F.3d at 309.  At most, he alleges that the illegal search in 2013 continued to affect him until his acquittal in 2019.  But "a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred act." *DeSuze*, 990 F.3d at 272; *accord Henry v. Bank of Am.*, 147 A.D. 3d 599 (1st Dep't N.Y. App. Div. 2017).

In short, the vast majority of Jain's claims are time barred and must be dismissed.[4]  The one exception is his malicious prosecution claim, to which the Court now turns.

## B.  Malicious Prosecution

To prevail on a constitutional claim for malicious prosecution, "a plaintiff must show a violation of his rights under the Fourth Amendment, and must establish the elements of a malicious prosecution claim under state law."  *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010) (citations omitted).  To state a claim of malicious prosecution under New York law, a plaintiff must allege "(1) the initiation of a proceeding, (2) its termination favorably

---

[4]     These claims fail for other reasons as well.  First, many of Jain's claims rely on the fruit-of-the-poisonous tree doctrine, but the Second Circuit has held that the doctrine is "not available to elongate the chain of causation" in Section 1983 cases. *Townes v. City of New York*, 176 F.3d 138, 146 (2d Cir. 1999).  Second, to the extent Jain brings an equal protection claim, he fails to plausibly allege that (1) he was selectively treated compared with others similarly situated and (2) the selective treatment was based on impermissible considerations, such as membership in a suspect class, intent to inhibit or punish the exercise of a constitutional right, or malicious or bad faith intent to injure.  *See Crowley v. Courville*, 76 F.3d 47, 52-53 (2d Cir. 1996).  He alleges only that "Defendants, while acting under the color of state law, in their individual, personal and/or official capacities, targeted plaintiff and/or treated Plaintiff differently from similarly situated individuals," FAC ¶ 44, but that plainly does not suffice, *see Iqbal*, 556 U.S. at 678. Finally, any due process claims are subsumed by Jain's other claims. *See, e.g.*, *Hu v. City of New York*, 927 F. 3d 81, 104 (2d Cir. 2019) ("It is now well established that where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." (cleaned up)).

to plaintiff, (3) lack of probable cause, and (4) malice." *Savino*, 331 F.3d at 75 (internal quotation marks omitted).  Thus, the existence of probable cause — defined as "the knowledge of facts, actual or apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for prosecuting the defendant in the manner complained of," *Rounseville v. Zahl*, 13 F.3d 625, 629 (2d Cir. 1994) — "is a complete defense" to a malicious prosecution claim, *Manganiello*, 331 F.3d at 72.  For purposes of a malicious prosecution claim, probable cause "is assessed in light of the facts known or reasonably believed at the time the prosecution was initiated, as opposed to at the time of the arrest." *Hughes v. City of New York*, No. 18-CV-9380 (MKV), 2021 WL 4295209, at *7 (S.D.N.Y. Sept. 21, 2021) (internal quotation marks omitted). But "[i]n cases where the police had probable cause to arrest, in order to succeed on a malicious prosecution claim, a plaintiff must show that authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest." *Moroughan v. Cty. of Suffolk*, 514 F. Supp. 3d 479, 524 (E.D.N.Y. 2021) (internal quotation marks omitted).

In light of these principles, Jain's malicious prosecution claims fail as a matter of law. For starters, the state courts already found that Jain's arrest was supported by probable cause and that finding is binding here.  As the Second Circuit has held, where, as here, a federal civil rights plaintiff moved to suppress evidence in a New York state court criminal prosecution and that motion was denied and then affirmed on appeal, the state courts' rulings are to be given preclusive effect. *See, e.g.*, *Phelan v. Sullivan*, 541 F. App'x 21, 24 (2d Cir. 2013) (summary order) (holding that Section 1983 claims for an allegedly unlawful search and seizure were precluded because the plaintiff "already had the opportunity to litigate whether personal property was seized in violation of his Fourth Amendment rights in the suppression hearing, where he was

represented by counsel, and on appeal to the New York Appellate Division"); *Reyes v. City of New York*, No. 10-CV-1838 (ILG), 2012 WL 37544, at *4 (E.D.N.Y. Jan. 9, 2012); *Mitchell v. Hartnett*, 262 F. Supp. 2d 153, 155 (S.D.N.Y. 2003); *Perlleshi v. Cnty. of Westchester*, No. 98-CV-6927 (CM), 2000 WL 554294, at *4 (S.D.N.Y. Apr. 24, 2000); *Brown v. De Fillipis,* 717 F. Supp. 172, 178-79 (S.D.N.Y. 1989).  Notably, that is the case even where, as here, the appellate court vacated or reversed the criminal conviction on other grounds.  *See Bristol*, 685 F. App'x at 29.  Indeed, the posture in *Bristol* is strikingly similar to the posture of this case: (1) in his state criminal case, the plaintiff had "raised a probable cause challenge to his arrest and had a full and fair opportunity to litigate the question with the benefit of counsel"; (2) "[t]he trial court found probable cause to arrest"; and (3) that conclusion was "reiterated" by the appellate court "on appeal, . . . even though it ordered a new trial" on other grounds.  *Id.*  It follows that Jain cannot contest the state courts' findings that the drugs "were found in plain view."  *Johnson*, 160 A.D. 3d at 574.  And there is no dispute that, if that was the case, Jain's arrest was supported by probable cause.

Of course, the fact that there was probable cause at the time of Jain's arrest would be immaterial for purposes of his malicious prosecution claims if he alleged that the "authorities became aware of exculpatory evidence between the time of the arrest and the subsequent prosecution that would undermine the probable cause which supported the arrest."  *Moroughan*, 514 F. Supp. 3d at 524.  But he doesn't.  To the contrary, Jain explicitly concedes that "*the lack of probable cause is the same, whether it be at the time of the arrest, or the time the judicial proceeding is commenced*.  At both points in time, the defendant officers knew the same thing — that the bag they opened was white or opaque, and not clear, and thus, there was no probable cause to open that bag and then subsequently arrest the plaintiff."  Pl.'s State Opp'n ¶ 42

(emphasis added).  Because Jain is bound by the state courts' determinations that there was probable cause for arrest, and he "has not produced or pointed to evidence in the record showing that exculpatory information came to light during the course of his prosecution," his malicious prosecution claims fail as a matter of law and must be dismissed.  *Essani v. Earley*, No. 13-CV-3424 (DG) (SIL), 2021 WL 1579671, at *8 (E.D.N.Y. Apr. 22, 2021); *see Jimenez v. City of New York*, No. 15-CV-3257 (BC), 2016 WL 1092617, at *4 (E.D.N.Y. Mar. 21, 2016) (holding that, because the "plaintiff offer[ed] no additional facts to show that [probable cause had] dissipated post-arrest, . . . [his] claim for malicious prosecution cannot be maintained").

## CONCLUSION

For the reasons stated above, Jain fails to allege a plausible claim that his rights were violated as a matter of either state or federal law.[5]  It follows that his final claims — for failure to intervene and municipal liability under *Monell* — must also be dismissed.  *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct."); *De Asis v. New York City Police Dep't*, 352 Fed. App'x 517, 518 (2d Cir. 2009) (summary order) (finding that "the district court did not err in failing to address Appellant's claim of municipal liability for negligent supervision, in light of its correct finding that Appellant alleged no underlying constitutional violation"); *Dilworth v. Goldberg*, No. 10-CV-2224 (JMF), 2014 WL 3798631, at *7 (S.D.N.Y. Aug. 1, 2014) (dismissing a failure-

---

[5]     In general, where a district court dismisses all federal claims, it should decline to exercise supplemental jurisdiction over any state law claims.  *See, e.g.*, *Williams v. New York City Dep't of Health & Mental Hygiene*, 299 F. Supp. 3d 418, 428-29 (S.D.N.Y. 2018) (citing cases).  Here, however, there is good reason to depart from that general presumption, as there are either "no material differences" between most of Jain's federal claims and state law claims, *id.* at 429, or the state law claims are easily dismissed.  Thus, "it would be inefficient, and risk inconsistency, to defer a decision on [his state law] claims to a state court."  *Id.*

to-intervene claim because there was no underlying constitutional violation).  In light of these conclusions, the Court need not and does not address Defendants' other arguments for dismissal.

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend, *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019) (internal quotation marks omitted).  Here, the problems with Jain's claims are substantive, so amendment would be futile. *See, e.g.*, *Roundtree v. NYC*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases).  Moreover, Jain does not suggest that he is in possession of facts that would cure the problems with his claims.  *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014).  Finally, the Court granted Jain leave to amend his original complaint and explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss."  ECF No. 41; s*ee, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (collecting cases)).  Accordingly, the Court denies leave to amend the Complaint.

The Clerk of Court is directed to terminate ECF Nos. 25 and 38.

SO ORDERED.

Dated: December 22, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge

14